```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
UNITED STATES OF AMERICA,       :

                                :     11 Cr. 525 (LTS)
        v.
                                :
DARIUS HEARD,
                                :
                  Defendant.
--------------------------------X
```

## SENTENCING MEMORANDUM

DAVID E. PATTON, ESQ.
FEDERAL DEFENDERS OF NEW YORK, INC.
Attorney for Defendant
   **DARIUS HEARD**
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8700

**PHILIP L. WEINSTEIN,**
     Of Counsel
Tel.: (212) 417-8744

TO:  **HONORABLE PREET BHARARA**
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York 10007
     Attn.:  **Alvin Bragg, Esq.**
           Assistant United States Attorney
           Southern District of New York

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

April 13, 2012

**BY HAND**

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 655
New York, New York 10007

    Re:  **United States v. Darius Heard**
          **11 Cr. 525 (LTS)**

Dear Judge Swain:

    Mr. Darius Heard, who is 50 years old, has been using drugs since he was 16 years old and became addicted to "crack" in about 2002. PSR ¶ 60. In addition, he has a documented history of mental illness, including major depressive disorder and paranoid schizophrenia. During the past ten years he has been hospitalized for his mental illness, most recently in 2011. PSR ¶ 59. Although he completed 60 credits at Syracuse University in 1983, he dropped out because he was "getting high and drinking." PSR ¶ 62.

    On December 6, 2011, Heard pled guilty to one count of Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349, pursuant to a plea agreement with a stipulated Guideline range of 15 to 21 months. Recognizing the role of mental illness and drug addiction played in Heard's criminal conduct, Probation recommended a below range sentence of "12 months and 1 day." PSR p. 17.

    While such a variance is appropriate, Probation was unaware of Heard's substantial cooperation with the Government directly resulting in the prosecution of three defendants for health care fraud related charges. However, because of Heard's inability to refrain from drugs, the Government was unable to use him as a witness and his bail was revoked in December 2011. Nevertheless, I anticipate the Government will confirm his assistance and not oppose a below guideline sentence because of his help.

Honorable Laura Taylor Swain                                        April 13, 2012
United States District Judge                                                    Page 2
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 655
New York, New York 10007

    Re:  **<u>United States v. Darius Heard</u>**
          **11 Cr. 525 (LTS)**

    Heard has served about 7 months in prison. We request a sentence of 8 months to permit time for Probation to find an appropriate provider for substance abuse and mental illness.[1]

**<u>Argument</u>**

    As recognized by Probation, Heard's mental health and drug abuse problems played a large role in his criminal activity. U.S.S.G. § 5K2.13 provides for a downward departure if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Depression has been recognized as supporting mitigation of punishment for a crime. See <u>United States v. Shore</u>, 143 F.Supp.74, 83-84 (D.Mass. 2001) (collecting cases); accord <u>United States v. Santa</u>, 2008 WL 2065560 (E.D.N.Y)(Granting an 8-level downward departure). Mitigation for mental disorders is equally available under an 18 U.S.C. § 3553(a) analysis. See <u>United States v. Garcia</u>, 497 F.3rd 694 (9th Cir. 2007)(discretion to consider diminished capacity due to drug addiction).

    In this case there is a well documented pre-existing history of paranoid schizophrenia, major depressive disorders, suicide attempts and hospitalization for mental illness. It also is undisputed that Heard's mental illness contributed to his quest for drugs. Thus, a variance is warranted on these grounds alone.

---

    [1] We recognize the Court's rule require written sentencing submissions to be filed two weeks prior to sentence. The PSR was not received by counsel until April 11th, 2012. In light of the potential for a reduced sentence and Heard's need for professional help unavailable at MDC Brooklyn, as well as no objection from the Government, we request the Court permit us to file two days late.

    Heard also will waive the 35 days in advance PSR disclosure required by Fed. Rule Crim. Proc. 32(e)(2).

Honorable Laura Taylor Swain  
United States District Judge  
Southern District of New York  
Daniel Patrick Moynihan U.S. Courthouse  
500 Pearl Street, Room 655  
New York, New York 10007  

April 13, 2012  
Page 3

    Re: **United States v. Darius Heard**  
           11 Cr. 525 (LTS)

    Not only do the mental health issues support a downward variance, but Heard provided direct assistance in the arrest of three defendants involved in health care fraud and indirect assistance in the arrest of others. In assessing the nature and circumstances of the offense under § 3553(a), Heard's assistance to law enforcement demonstrates both remorse and an effort to mitigate his offense. While the traditional method of demonstrating cooperation is a "5K1.1 letter," it is not the exclusive method. See United States v. Fernandez, 443 F.3d 17, 32-34 (2d Cir. 2006) (Appropriate to consider defendant's cooperation under § 3553(a), despite absence of a cooperation agreement); Cf. United States v. Kaye, 140 F.3d 86, (2d Cir. 1998)(Court has authority to consider as grounds for departure cooperation with state or local authorities in the absence of a 5K1.1 letter); United States v. Garcia, 926 F.2d 125 (2d Cir. 1991)(Proper to consider as grounds for a departure cooperation with the judiciary facilitating the proper administration of justice).

    It only by dint of Heard's drug addiction that he was unable to complete his cooperation and receive a "5K1.1" letter. He was willing, but unable to do so despite a detailed and accurate memory of past criminal events.

    Moreover, the need for treatment, including for drug addiction, is a relevant factor in crafting an appropriate sentence. Section 3553(a)(2)(D); U.S.S.G. § 5C1.1, Note 6 (downward departure may be appropriate to accomplish specific treatment purposes where the defendant's criminality is related to the treatment problem). For the past 10 years, Heard has been addicted to various controlled substances. Many years earlier his substance abuse had caused Heard to drop out of college, despite his obvious intelligence. It is not too late to help him.

    As demonstrated by the attached letters, Heard has strong family support in his effort to turn his life around. When he again began using drugs while on bail in this case, his brother found him and brought him back to court to surrender. Heard has been incarcerated for about 7 months. He does not need more time in prison. He needs professional help. Accordingly, we request

```
Honorable Laura Taylor Swain                      April 13, 2012
United States District Judge                             Page 4
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 655
New York, New York 10007
```

Re: **United States v. Darius Heard**
    **11 Cr. 525 (LTS)**

a sentence of 8 months, which will give Probation an opportunity to find an appropriate mental health and substance abuse program.

Respectfully submitted,

*[signature: Philip L. Weinstein]*

**PHILIP L. WEINSTEIN**
Assistant Federal Defender

PLW/hcs

cc: Alvin Bragg, Esq.
    Assistant U.S. Attorney/SDNY

    Mr. Darius Heard
    Reg. No. 64877-054/MDC Bklyn