UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| -v.- : | 11 Cr. 525 (LTS) |
| DARIUS HEARD, : | |
| Defendant. : | |

------------------------------------------------------------x

THE GOVERNMENT'S SENTENCING SUBMISSION

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Alvin Bragg
Assistant United States Attorney
- Of Counsel -



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 19, 2012

**BY HAND**

The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    **United States v. Darius Heard**,
            **11 Cr. 525 (LTS)**

Dear Judge Swain:

       The Government respectfully files this submission in advance of the defendant's sentencing, which is scheduled for April 26, 2012. The defendant pled guilty, pursuant to a non-cooperation plea agreement, with conspiring to commit health care fraud. In the plea agreement, the parties agreed that the loss amount was less than $5,000 and stipulated to a Guidelines range of 15 to 21 months' imprisonment. The Probation Office, which also arrived at the same Guidelines range, recommends a below-Guidelines sentence of one year and one day of imprisonment. As discussed more fully below, the defendant's Guidelines range should be 21 to 27 months' imprisonment as a result of a new state conviction (for conduct pre-dating the plea in the instant case). In any event, the Government recommends that the Court impose a below-Guidelines sentence, under 18 U.S.C. Section 3553, based upon the defendant's assistance to the Government and his mental health and drug addiction.

**A.**    **The Offense Conduct**

       The defendant was charged in a one-count Complaint with conspiring to commit health care fraud. The Complaint charged that, from January 29, 2010 to March 22, 2010, the defendant used his Medicare account to fill three prescriptions for OxyContin using prescriptions from a stolen prescription pad. (Presentence Investigation Report ("PSR") ¶¶ 14-16.) Medicare paid pharmacies a total of $3,048.62 in connection with these prescriptions. (Id.) The Complaint also charged that, on September 28, 2010, the defendant used the same stolen prescription pad to fill a prescription for a medication to treat HIV; this time he used private insurance for the patient for whom the prescription purportedly was issued. (PSR ¶ 17.) The insurance company paid the pharmacy $1,573.11 in connection with the prescription. (Id.) Finally, the Complaint charged that, on April 17, 2010, the defendant attempted to fill a fraudulent prescription for OxyContin.

Honorable Laura Taylor Swain
April 19, 2012

(Id. ¶ 12.) An employee at the pharmacy contacted the local police, and the defendant was arrested on April 17, 2010 near the pharmacy. (Id. ¶ 12, 13.)

In June 2011, the Government filed an Information charging the defendant with health care fraud conspiracy. The Information was based upon the allegations set forth in the Complaint.

B.  **The Guidelines Calculation**

The United States Probation Office (the "Probation Office") calculated a total offense level of 10, (PSR ¶ 33), the same total offense level set forth in the plea agreement. Pursuant to Guideline Section 2X1.1(a), the base offense level for a conspiracy charge is the base offense level from the guideline for the substantive offense, plus any adjustments from such Guideline for any intended conduct that can be established with reasonable certainty. Accordingly, the base offense level is taken from Section 2B1.1(a)(2), which has a base offense level of six. (Id. ¶ 24.) The base offense level is not increased by any levels under Section 2B1.1(b)(1), as the loss amount was less than $5,000. The offense level is increased to 12 under Section 2B1.1(b)(11)(A)(ii), because the offense involved the use of an authentication feature. (Id. ¶ 25.) The offense level is reduced by two levels under Section 3E1.1(a) for the defendant's acceptance of responsibility, thereby arriving at a final offense level of 10. (Id. ¶¶ 30, 33.)

The Probation Office calculated that the defendant has nine criminal history points and is in Criminal History Category IV. (PSR ¶ 50.) The plea agreement also stipulated that the defendant has nine criminal history points and is in Criminal History Category IV, but it calculated the criminal history points differently. The plea agreement assessed the defendant nine criminal history points for the defendant's convictions for burglary in 2003, possession of a forged instrument in 2005, and possession of a controlled substance in 2007, 2010, and 2011. (Id. ¶¶ 38, 40, 42, 44, 46.) The PSR assessed the defendant eight points for these convictions; the difference was that the plea agreement assessed the defendant two points for his conviction in 2005, and the PSR only assessed the defendant one point. (Id. ¶ 40.) The PSR states that the defendant was sentenced to a term of imprisonment of 60 days, so, pursuant to Section 4A1.1(c), the PSR should have assessed the defendant two points instead of one point. USSG 4A1.1(c) (two points should be added "for each prior sentence of imprisonment of at least sixty days" but not exceeding one year and one month).

In addition to applying points for the five convictions listed in the plea agreement, the PSR also correctly added an additional point for a sentence for possession of stolen property that was imposed after the defendant pled guilty in the instant case. See generally USSG § 4A1.2, comment. (n.1) ("'Prior sentence'" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense.").


Honorable Laura Taylor Swain
April 19, 2012

      In sum, the defendant has ten criminal history points, nine points as set forth in the plea agreement and an additional point for his conviction after he pled guilty in the instant case. Given that the defendant has ten criminal history points, he should be in Criminal History Category V and his Guidelines range should be 21 to 27 months' imprisonment.

### C.     The Defendant's Assistance To The Government

      While the Government ultimately decided not to extend a cooperation agreement to the defendant, the Government believes that the defendant's assistance was significant and is a matter relevant to his sentencing.



Honorable Laura Taylor Swain
April 19, 2012



**D.    Conclusion**

The Government recommends that the Court impose a below-Guidelines sentence based upon the extensive assistance the defendant provided and in light of his mental health and addiction issues.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Alvin Bragg
Assistant United States Attorney
Tel.: (212) 637-1085
Fax: (212) 637-2527

cc:   Philip L. Weinstein, Esq. (By Email)
      Counsel to Darius Heard

      Walter Quinn (By Email)
      U.S. Probation Officer